IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Castillo Mejia,<br><br>　　　　Petitioner,<br><br>v.<br><br>State of Arizona, et al.,<br><br>　　　　Respondents. | No. CV-24-01323-PHX-SPL (MTM)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT JUDGE:

On May 28, 2024, pro se Petitioner Juan Castillo Mejia, who is confined in the Arizona State Prison-Kingman, filed a "Petition for Re-consideration de-novo, request for collateral independent review," which the Court construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) In a July 3, 2024 Order, the Court dismissed the Petition because it was not filed on the court-approved form. On August 1, 2024, Petitioner filed his Amended § 2254 Petition. (Doc. 5.)

**I.　　SUMMARY OF CONCLUSION**

Petitioner pled guilty in Maricopa County Superior Court, case #CR2019-141114, to one count each of sexual conduct with a minor, attempted sexual conduct with a minor, and attempted sexual molestation of a child and was sentenced to a 20-year term of imprisonment followed by lifetime probation. In his Amended Petition, Petitioner raises 10 grounds for relief. However, the Amended Petition is untimely and Petitioner is not

entitled to equitable tolling. Petitioner has also failed to demonstrate actual innocence. Accordingly, the Court will recommend that the Amended Petition be denied and dismissed with prejudice.

## II. BACKGROUND

### A. Conviction and Sentencing

On September 9, 2019, Petitioner was charged with seven counts of sexual conduct with a minor, class 2 felonies and dangerous crimes against children; 3 counts of molestation of a child, class 2 felonies and dangerous crimes against children; and 2 counts of sexual abuse, class 3 felonies and dangerous crimes against children. (Doc. 14-1 at 12; Exh. B.) Pursuant to a plea agreement, Petitioner was convicted of one count each of sexual conduct with a minor, attempted sexual conduct with a minor, and attempted molestation of a child. (Doc. 14-1 at 38, 48; Exhs. D, E.) On May 17, 2021, the superior court imposed a 20-year sentence on the sexual conduct charge and suspended the imposition of sentence on the two attempt charges, placing Petitioner on lifetime terms of probation. (Doc. 14-1 at 77, 94; Exhs. G, H.)

### B. Post-Conviction Relief Proceedings

On August 7, 2021, Petitioner filed a timely notice of post-conviction relief. (Doc. 14-1 at 101; Exh. I.) Appointed counsel filed a notice of completion, indicating that she had reviewed the record but found no claims for relief. (Doc. 14-1 at 105; Exh. J.) On August 15, 2021, Petitioner filed a pro per PCR petition. (Doc. 14-1 at 115; Exh. K.) The superior court dismissed the PCR petition on August 18, 2022, finding Petitioner failed to present any colorable claims for relief. (Doc. 14-1 at 177; Exh. N.)

On August 26, 2022, Petitioner requested an extension of time to file a "Rule 33.14 re-hearing." (Doc. 14-1 at 180; Exh. O.) The court denied the motion on December 6, 2022, finding Petitioner's request untimely stating, "a Defendant has only 15 days to request rehearing" and "[t]he rules do not provide for extensions of this period." (Doc. 14-1 at 199; Exh. T.) The court also found that Petitioner failed "to provide a sufficient factual or legal basis to support rehearing." (*Id.*)

On November 2, 2022, Petitioner filed a "notice of appeal" of the superior court's decision dismissing his PCR petition. (Doc. 14-1 at 184; Exh. Q.) On November 18, 2022, the Arizona Court of Appeals issued an "Order Dismissing Petition for Review" stating, "A petitioner who entered a plea who seeks appellate review of the superior court's final decision in a post-conviction relief proceeding must file a petition for review within 30 days of the entry of the superior court's final decision. *See* Ariz. R. Crim. P. 33.16(a)(1). The petition for review was untimely because it was not filed within 30 days of the entry of the superior court's final decision." (Doc. 14-1 at 196; Exh. S.)

On November 2, 2022, Petitioner filed a second PCR petition. (Doc. 14-1 at 188; Exh. R.) On December 20, 2022, the superior court dismissed the PCR proceeding finding Petitioner's second PCR petition was untimely and successive. (Doc. 14-1 at 201; Exh. U.)

On January 9, 2023, Petitioner requested an extension of time to file a petition for review, which the superior court denied on March 2, 2023. (Doc. 14-2 at 2, 17; Exhs. V, X.) Petitioner then initiated his third PCR proceeding on January 17, 2023. (Doc. 14-2 at 5; Exh. W.) The superior court dismissed the proceeding on March 3, 2023, again finding the proceeding untimely and successive. (Doc. 14-2 at 19; Exh. Y.)

On March 15, 2023, Petitioner filed a petition for review of the superior court's August 18, 2022 decision dismissing his August 15, 2021 PCR petition. (Docs. 14-3, 14-4; Exh. Z.) On September 15, 2023, the Arizona Court of Appeals denied review stating, "Because Castillo-Mejia's petitions for review from [the trial court's August 2022 ruling] have previously been dismissed, and the time to petition for review is past, *see* Ariz. R. Crim. P. 33.16(a)(1), we deny review." *State v. Castillo-Mejia*, 2023 WL 5995507, *1 (Ariz. Ct. App. Sept. 15, 2023). Petitioner did not seek further review of the Court of Appeal's decision and the mandate issued on November 7, 2023. (Doc. 14-5 at 2; Exh. AA.)[1]

\\\

---

[1] The record reflects that one decision from the Arizona Court of Appeals was issued on January 24, 2024 and multiple decisions from the Arizona Supreme Court were issued in 2024. These decisions denied and dismissed various state court filings from Petitioner, (Doc. 14-5 at 9, 12; Exhs. BB, CC), but have no bearing on the instant proceedings.

### III. PETITIONER'S AMENDED PETITION FOR WRIT OF HABEAS CORPUS

In his Amended Petition, raises seven grounds for relief. On October 22, 2024, this Court summarized Petitioner's claims as follows:

> In Ground One, Petitioner asserts his Fourth Amendment rights were violated because he was arrested "inside his work place" without "any arrest order," and while Petitioner was held, police officers went into Petitioner's apartment without a search warrant and took money and gold items. In Ground Two, Petitioner contends a detective told Petitioner that he could "go home that same night" if Petitioner "said whatever [the detective] asked" and coerced Petitioner to "accept[] things that [the officer] knew were not true," in violation of the Fifth and Fourteenth Amendments. In Ground Three, Petitioner claims the detective never told him that he had a right to have a lawyer present during questioning. In Ground Four, Petitioner asserts that he did not have an initial appearance for nearly two months after his arrest, and he did not meet his lawyer until his third court date. In Ground Five, Petitioner contends the State has refused to provide him with evidence required under *Brady v. Maryland*, 373 U.S. 83 (1963).[] In Ground Six, Petitioner claims he "never s[aw] any witness or any person . . . come into the court to testif[y] against [him]," in violation of the Confrontation Clause of the Sixth Amendment. In Ground Seven, Petitioner appears to assert that samples of his bodily substances were taken for DNA testing, and he requested the results of the tests from the court and his defense counsel, "but they told [him] that none ha[d] any record of or about these exams." In Ground Eight, Petitioner contends he signed a plea agreement because the judge, the prosecutor, and his defense counsel threatened him by saying that they would "put [him] on trial" and that Petitioner would lose and would "die in prison, without seeing [his] family ever again[]." In Ground Nine, Petitioner claims the prosecutor committed misconduct. In Ground Ten, Petitioner asserts he received ineffective assistance of counsel.

(Doc. 9.)

On November 13, 2024, Respondents filed a Limited Answer. (Doc. 14.) On December 9, 2024, Petitioner filed a document entitled "Motion for: Excusable Neglect," which this Court construes as his Reply. (Doc. 15.)

### IV. STATUTE OF LIMITATIONS

**A.** **Time Calculation**

"The federal Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a 1-year statute of limitations for filing a federal habeas corpus petition." *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005); *see* 28 U.S.C. § 2244(d)(1). In most cases, the limitations period runs from the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2] 28 U.S.C. § 2244(d)(1)(A); *see Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). *See Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon the conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking such review. *See id.*

The superior court sentenced Petitioner on May 17, 2021. (Doc. 14-1 at 77, 94; Exhs. G, H.) Petitioner filed a timely of-right PCR petition on August 15, 2021, that the superior court dismissed on August 18, 2022. (Doc. 14-1 at 115, 177; Exhs. K, N.) Petitioner's conviction became final 30 days later – on September 19, 2022 – after the time expired for Petitioner to file a petition for review with the Arizona Court of Appeals.[3] *See* Ariz.R.Crim.P. 33.16(a)(1).

---

[2] The limitations period may also be triggered by other events not relevant here. *See* 28 U.S.C. §§ 2244(d)(1)(B) (state-created impediment to filing), (d)(1)(C) (newly recognized constitutional right), (d)(1)(D) (when the basis for a claim became apparent).

[3] As noted above, as related to this of-right PCR proceeding, Petitioner filed an August 26, 2022 request for extension of time to file a "Rule 33.14 rehearing," (Doc. 14-1 at 180; Exh. O) and a January 9, 2023, request for extension of time to file a petition for review, (Doc. 14-2 at 2; Exhs. V). Both requests for extensions of time were dismissed as untimely and for failing to show good cause or provide a sufficient factual or legal basis. (Doc. 14-1 at 199; Exh. T); (Doc. 14-2 at 17; Exh. X.) Similarly, Petitioner filed a November 2, 2022 "notice of appeal" (construed as a petition for review) of the superior court's decision dismissing his PCR petition, (Doc. 14-1 at 184; Exh. Q) and a March 15, 2023 petition for review of the superior court's decision dismissing his PCR petition, (Docs. 14-3, 14-4; Exh. Z). Both of these petitions for review were dismissed as untimely. (Doc. 14-1 at 196; Exh. S); *Castillo-Mejia*, 2023 WL 5995507, *1. None of these filings alter the determination that Petitioner's conviction became final on September 19, 2022. *See*

Accordingly, absent statutory or equitable tolling, Petitioner's habeas petition was due one year later – on September 19, 2023. *See Summers*, 481 F.3d at 717; *Gonzalez*, 565 U.S. at 150.

### B. Statutory Tolling

"'[A] properly filed application for State post-conviction or other collateral review' tolls AEDPA's statute of limitations for the pendency of the state court proceedings." *Curiel v. Miller*, 830 F.3d 864, 868 (9th Cir. 2016) (quoting 28 U.S.C. § 2244(d)(2)). To toll the statute, the application must have been "'properly filed,'" meaning that it complied with "the applicable laws and rules governing filings," including "time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Petitioner is not entitled to statutory tolling. Petitioner's commencement of his subsequent PCR proceedings on November 2, 2022 (Doc. 14-1 at 188; Exh. R) and January 17, 2023 (Doc. 14-2 at 5; Exh. W), did not toll the limitations period. The state court dismissed these proceedings as untimely and successive. Thus, the PCR proceedings were not "properly filed" under 28 U.S.C. § 2244(d)(2) and did not toll the statute of limitations. *See, e.g., Pace*, 544 U.S. at 414-17; *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011) (stating that an "untimely petition must be treated as improperly filed, or as though it never existed, for purposes of section 2244(d)"); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) ("Under *Pace*, if a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled."), *amended*, 439 F.3d 993 (9th Cir. 2006).

Petitioner initiated habeas corpus proceedings on May 28, 2024 – 253 days after the deadline expired. (Doc. 1.) Absent equitable tolling, Petitioner's habeas petition is untimely.

### C. Equitable Tolling

---

*Summers*, 481 F.3d at 711 (the conviction becomes final upon the expiration of the time for seeking such review).

- 6 -

"A petitioner who seeks equitable tolling of AEDPA's 1-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron-Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009). A petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison,* 620 F.3d 952, 959 (9th Cir. 2010). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

Petitioner does not qualify for equitable tolling. Petitioner fails to argue any ground for equitable tolling in his Amended Petition. And, although in his "Motion for: Excusable Neglect," Petitioner summarily claims "excusable neglect" due to "deficient dominance of English language [and] deficiency compression of laws," limited legal resources and "inefficient" assistance of counsel, these reasons do not constitute extraordinary circumstances justifying equitable tolling. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").[4] Petitioner simply fails to

---

[4] The Ninth Circuit has recognized that equitable tolling "may be justified if language barriers actually prevent timely filing." *Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006). In order to obtain equitable tolling due to a language barrier, the "non-English-speaking petitioner . . . must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Id.* at 1070; *see also Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008) (diligence requirement of equitable tolling imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance to mitigate language difficulties). To the extent Petitioner alleges a language barrier in claiming "deficient dominance of English

establish, much less argue, that has been diligently pursuing his rights, or assert that some extraordinary circumstance prevented him from filing a timely habeas petition. Therefore, the Petition is untimely without excuse and Petitioner not entitled to any period of statutory or equitable tolling.

### D.     Actual Innocence

To avoid a miscarriage of justice, the habeas statute of limitations in 28 U.S.C. § 2244(d)(1) does not preclude "a court from entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 398 (2013). To establish a "credible" claim of actual innocence, a petitioner must present "new reliable evidence" and "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). *See also Jones v. Taylor*, 763 F.3d 1242, 1247 (9th Cir. 2014) ("In order to pass through the *Schlup* actual innocence gateway, a petitioner must demonstrate that in light of new evidence, it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." (cleaned up)).

Here, Petitioner pled guilty and does not argue actual innocence. In fact, in his request for relief, Petitioner states "I would like to get a time reduction, I am asking the Court grant the following sentence: 10 years soft or less." (Doc. 5 at 11.) Accordingly, Petitioner has failed to establish a claim of actual innocence excusing his untimely filing.

### V.     CONCLUSION

Based on the above analysis, the Court finds that Petitioner's Amended Petition for Writ of Habeas Corpus is untimely, and Petitioner is not entitled to equitable tolling and has failed to demonstrate actual innocence.

Accordingly,

**IT IS THEREFORE RECOMMENDED** that the Amended Petition for Writ of Habeas Corpus (Doc. 5) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave

---

language," he has failed to satisfy this standard.

to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Amended Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 27th day of January, 2025.

_____
Honorable Michael T. Morrissey
United States Magistrate Judge